1  GLENN L. BRIGGS (SB# 174497)
   Email: gbriggs@hbwllp.com
2  S. SEAN SHAHABI (SB# 204710)
   Email: sshahabi@hbwllp.com
3  BETH C. KEARNEY (SB# 234716)
   Email: bkearney@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, CA 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendants
   BAR LOUIE ANAHEIM, INC.,
8  and BAR LOUIE AMERICA, INC.
   (erroneously sued herein as "BAR LOUIS AMERICA")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Qwente Bryant, Lisa Cavanaugh, Candice Davis, Michael Lance Kennedy, Michael Lowery, Holly Richardson, and Robin Tamburri, each individually,<br><br>Plaintiffs,<br><br>v.<br><br>BAR LOUIE ANAHEIM, INC., an Illinois corporation; BAR LOUIS AMERICA; RESTAURANTS AMERICA, and Does 1 through 75, inclusive,<br><br>Defendants. | CASE NO. SACV 10-0906 DOC (AJWx)<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO REMAND BY PLAINTIFFS AGAINST DEFENDANTS**<br><br>[Declaration of S. Sean Shahabi in Support Thereof Filed Concurrently Herewith]<br><br>Date: August 16, 2010<br>Time: 8:30 a.m.<br>Judge: David O. Carter<br>Courtroom: 9-D |

45307

# TABLE OF CONTENTS

| | | | PAGE |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | Removal Was Proper | 2 |
| | B. | *Harris* Does Not Require Remand and Plaintiffs' Reliance on It Is Misplaced | 3 |
| | C. | Defendants Are Not Engaged in Gamesmanship | 5 |
| | | 1. Defendants have always been and remain willing to stipulate to remand if Plaintiffs present evidence to defeat diversity jurisdiction | 6 |
| | | 2. Plaintiffs' only purpose in seeking remand is to harass and overwhelm Defendants | 7 |
| | D. | Remand Is Impractical | 7 |
| | E. | Public Policy Militates Against Granting the Instant Remand | 8 |
| III. | CONCLUSION | | 9 |

45307

i

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Cretian v. Job1USA,*
  2009 WL 4841039 (D. Or., Dec. 11, 2009) .................................................. 4

*Harris v. Bankers Life and Casualty Co.,*
  425 F.3d 689 (9th Cir. 2005) .................................................. 1, 3, 4, 5, 8

*Kanter v. Warner-Lambert Co.,*
  265 F. 3d 853 (9th Cir. 2001) .................................................. 3

**AUTHORITIES**

28 U.S.C. Section 1332 .................................................. 2, 3

28 U.S.C. Section 1146 .................................................. 4

California Code of Civil Procedure Section 425.10 .................................................. 4

Federal Rules of Civil Procedure 1 .................................................. 8

Federal Rules of Civil Procedure 26 .................................................. 7

Federal Rules of Civil Procedure 33 .................................................. 7

Weil & Brown, California Practice Guide: Federal Civil Procedure Before Trial
  (The Rutter Group 2006), Section 2:894.3 .................................................. 2

## I. INTRODUCTION

In their Motion to Remand, Plaintiffs deliberately ignore the fundamental fact that removal is proper because there is diversity of citizenship.[1] Plaintiffs have never denied in any pleading or declaration that they are citizens of a different state(s) than Defendants. Plaintiffs refuse to acknowledge these dispositive facts and instead have chosen to burden this Court and Defendants with this fairy tale exercise for no reason other than to harass Defendants and delay the inevitable.

Tellingly, Plaintiffs make no effort in their Motion to even imply that grounds for diversity jurisdiction are not present. Instead, Plaintiffs argue that this Court should remand the action, not because grounds for diversity jurisdiction do not exist (because they do), but because Defendants allegedly should have waited for Plaintiffs to affirmatively plead grounds for diversity jurisdiction before removing. Plaintiffs' argument is based on a misguided interpretation of *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005). As will be explained, *Harris* is inapposite for several reasons. The reality is that Defendants' removal was proper because the grounds for diversity jurisdiction exist.

Plaintiffs go even further and accuse Defendants of engaging in gamesmanship and of removing this action solely for the purpose of delay.[2] It is Plaintiffs, however, who are engaging in gamesmanship by seeking to delay the inevitable when they know full well that the grounds for diversity jurisdiction exist and that this Court is the proper forum for this action. Plaintiffs further complain that they are disadvantaged by having to litigate their case in a federal forum. It is untenable for Plaintiffs to assert that a litigant cannot get a fair shake in a court

---

[1] Plaintiffs make a parallel argument regarding the amount in controversy even though Plaintiffs' counsel openly confirmed that each named-plaintiff is seeking damages in excess of six figures.

[2] Plaintiffs' basis for their "delay" argument is that they are prohibited from conducting discovery until after the Rule 26 conference.

45307                               - 1 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

1  created by the United States Constitution and governed by the fair and complex
2  rules imposed by the Federal Rules of Civil Procedure. Moreover, Plaintiffs are
3  fully aware that if this Court remands the action to state court, Defendants will
4  immediately propound discovery that will further confirm that grounds for diversity
5  jurisdiction exist and will immediately remove the action back to federal court.
6  Such an exercise is unnecessary and contrary to the ends of justice. Plaintiffs'
7  Motion to Remand should be denied.

## II. ARGUMENT

### A. Removal Was Proper.

This is not a case where a defendant raced to remove to federal court despite having no basis to believe that grounds for removal exist. To the contrary, Defendants removed this case because they have been reasonably certain from the outset of litigation that diversity jurisdiction is present here. "Defendant need not wait until grounds for removal are disclosed. If defendant knows such grounds exist (e.g., existence of diversity of citizenship), defendant may file a removal at the outset setting forth the ground for removal." Weil & Brown, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2006), § 2:894.3.

In the instant action, Defendants are corporate parties headquartered in Illinois (and therefore citizens of Illinois) who operate certain restaurants in California where Plaintiffs worked. (*See* Notice of Removal, ¶¶ 5-6). Defendants had a reasonable and good faith belief that not one of the Plaintiffs is a citizen of Illinois given their recruitment and employment in California restaurants, and, as a result, that all Plaintiffs are diverse from all Defendants. 28 U.S.C. § 1332(a)(1). Defendants' good faith belief is further based on the following: Defendants' payroll records reveal that each Plaintiff resided in a state other than Illinois at the time they worked for Defendants; none of them submitted a change of address indicating a relocation to Illinois; and Plaintiffs' prayer for relief includes a request for future lost wages, which implies that Plaintiffs intended to remain employed by

45307

- 2 -

Defendants for some indefinite future time period and, thus, intended to remain in California. (*See* Complaint at 50:17-51:9. ). All of these factors lead to a reasonable belief that the Plaintiffs are domiciled in states other than Illinois. *See Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001) (explaining that natural persons are domiciled for diversity purposes in the places they reside with the intent to remain or to which they intend to return).

Moreover, Defendants reasonably inferred from Plaintiffs' request for past and future economic damages, past and future noneconomic damages, punitive damages and attorneys' fees that the amount in controversy exceeds $75,000. (*See* Notice of Removal, ¶¶ 11-13). Most significantly, Plaintiffs' attorney both confirmed the amount in controversy inference when he informed Defendants' attorney that the amount in controversy with respect to each individual plaintiff "is in the six-figure range," and could not assert that any of the Plaintiffs were citizens of Illinois when specifically asked such citizenship questions by Defendants' counsel (Shahabi Decl., ¶ 2). Because there is diversity of citizenship and because the amount in controversy exceeds $75,000.00, Defendants properly removed this action to federal court. 28 U.S.C. § 1332. Once again, to date, Plaintiffs have not and cannot deny these two essential removal facts exist here. Nonetheless, they filed the instant Motion.

### B. *Harris* Does Not Require Remand and Plaintiffs' Reliance on It Is Misplaced.

Plaintiffs argue that remand of this action is necessary because grounds for diversity jurisdiction were not evident from the four corners of the Complaint and that both Defendants and this Court must disregard known facts outside the Complaint in determining whether removal was proper. Plaintiffs rely on *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005), for their argument. Plaintiffs' interpretation of *Harris*, however, is inaccurate and would lead to an absurd result.

45307

- 3 -

First, the *Harris* reasoning and the equities underlying the decision are not applicable here. The *Harris* holding was designed to prevent Defendants from having remands deemed untimely by virtue of arguments that Defendants should have surmised removal was appropriate from the Complaint; to "guard against premature and protective removal," and to "assure removal occurs once the jurisdictional basis supporting removal are evident." *Harris* at 698. None of these concerns are raised by the instant Defendants' removal. Indeed, *Harris* was designed as a shield for defendants, yet the instant Plaintiffs are attempting to utilize *Harris* as a sword. Defendants' removal is neither premature nor protective as the jurisdictional bases are now completely evident to the parties.

To be sure, under Plaintiffs' interpretation of *Harris*, even where a defendant determines by its own records that a case is removable, that defendant is not entitled to remove a case unless and until it can secure written evidence from the plaintiff that demonstrates the basis for removal. Such an interpretation would lead to an unjust result, as plaintiffs would be encouraged to plead inaccurate or vague information regarding citizenship and/or the amount in controversy and to indefinitely "hide the ball" regarding grounds for removal so as to avoid federal jurisdiction.[3] Moreover, if a plaintiff can delay discovery in the proper form of his/her domicile for one year after serving the complaint, the window for removal will have closed. 28 U.S.C. § 1146(b). Such a result is not what the *Harris* court intended. *See, e.g., Cretian v. Job1USA*, 2009 WL 4841039 (D. Or., Dec. 11, 2009 at *3) (reasoning that *Harris* did not intend for defendants to rely solely on

---

[3] In fact, that is precisely what Plaintiffs are doing here. Plaintiffs so much as imply that they cleverly crafted the Complaint with the intent of avoiding removal. (Mtn. to Remand, 6:12-24). Plaintiffs did not even comply with state court rules when drafting their complaint, as they failed to include the amount of damages demanded, as is required by California Code of Civil Procedure Section 425.10(a)(2).

45307 - 4 -

information pleaded in a complaint when determining if grounds for removal exist where information defendants are presumed to know, such as their own citizenship, provides such grounds). For example, a defendant is required to go outside the four corners of the complaint to ascertain removability where it is is aware of basic personal facts, such as its own citizenship, that would support or defeat removal. *See Id.* Similarly here, it is reasonable for Defendants to be charged with being aware of basic personal facts regarding their former employees that support removal.

*Harris* is further inapposite in at least the following two ways:

<u>First</u>, the plaintiff in *Harris* argued that the defendant's notice of removal was untimely because it was filed some ten months after the original complaint was filed. *Harris*, 425 F.3d at 691-92. The court disagreed, ruling that the 30-day time period in which to remove did not begin to run until the defendant received "'an amended pleading, motion, order or other paper' from which it [could] be ascertained from the face of the document that removal [was] proper." *Id.* at 694. Plaintiffs' argument here is that the case should be remanded because Defendants' Notice of Removal, which was filed within 30 days of the initial pleading, was *premature*; and not *late*. The *Harris* court did not consider whether remand is appropriate where jurisdiction is valid but notice of removal is allegedly premature.

<u>Second</u>, the plaintiff in *Harris* did not deny that grounds for diversity jurisdiction existed but rather argued that removal was improper because it was too late. *Id.* at 692. The *Harris* court disagreed and refused to remand the case. *Id.* at 691. Here, Plaintiffs do not deny (because they cannot) that grounds for diversity jurisdiction exist but instead argue that the action should be remanded because removal was premature. *Harris* did not address such circumstances.

C.   **Defendants Are Not Engaged in Gamesmanship.**

Plaintiffs' accusation that Defendants' Notice of Removal was a "pre-emptive act of gamesmanship designed to chill Plaintiffs' right to conduct

45307                                    - 5 -

discovery in state court and to unfairly obtain the benefits of the unanimity requirement that Plaintiffs must carry in a jury trial in District Court," (Mtn. to Remand at 7:8-11), is nothing more than a red herring intended to shift the Court's focus away from the obvious – that this Court is the proper forum for this action because diversity jurisdiction exists.

### 1. **Defendants have always been and remain willing to stipulate to remand if Plaintiffs present evidence to defeat diversity jurisdiction.**

Defendants have always been and remain willing to stipulate to remand the minute that Plaintiffs present some evidence to defeat diversity jurisdiction. On June 30, 2010, Defendants' counsel informed Plaintiffs' counsel that if Plaintiffs would stipulate that the amount in controversy in relation to each of the Plaintiff's respective claims is less than $75,000 that Defendants would stipulate to remand the case. (Shahabi Decl., ¶ 2). Plaintiffs' counsel was not willing to so stipulate, leaving Defendants to reasonably infer that the amount in controversy exceeds the jurisdictional requirement. Defendants' inference was further bolstered by Plaintiffs' counsel's assertion that damages for *each* of the named-plaintiffs are in the six-figure range. (Shahabi Decl., ¶ 2). On July 14, 2010, when the parties' counsel first spoke regarding Plaintiffs' intention to remand on the basis of citizenship of the named-plaintiffs, Defendants' counsel invited Plaintiffs' counsel to advise Defendants whether any of the named-plaintiffs is a citizen of Illinois, which would defeat diversity.[4] (*See* Exh. "1" to Tang Decl.). Plaintiffs' ignored

---

[4] Incidentally, July 13, 2010, was the first date on which Plaintiffs attempted to meet and confer with Defendants on the grounds that Defendants had not established that Plaintiffs were not citizens of Illinois. Plaintiffs' counsel never raised this issue during the parties' meet and confer on June 30, 2010. (Shahabi Decl., ¶ 3; Tang Decl., ¶¶ 3-4). Plaintiffs filed their Motion two days later, on July 16, 2010. In so doing, Plaintiffs' counsel failed to comply with the requirements of Local Rule 7-3, which requires counsel to meet and confer on all motions at least 10 days before filing the motion.

45307 - 6 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

this invitation, again leaving Defendant to confirm their understanding that none of the named-plaintiffs is a citizen of Illinois.

### 2. **Plaintiffs' only purpose in seeking remand is to harass and overwhelm Defendants.**

Plaintiffs are the only party to this action engaged in gamesmanship. Plaintiffs know that whether the case remains in federal court now or is remanded only to be removed again, the end result will be the same – this case will be litigated in federal court. Thus, Plaintiffs' only purpose in seeking remand is to harass and overwhelm Defendants. To be sure, Plaintiffs plainly state that if Defendants had not removed this case, Plaintiffs would have proceeded to propound written discovery against Defendants as Plaintiffs' counsel has done in another action against Defendants currently pending in California Superior Court, *Nunez v. Bar Louie Anaheim, Inc. et al.* (Mtn. to Remand at 9:3-6). What Plaintiffs fail to inform the Court is that Plaintiffs' counsel have propounded 310 special interrogatories, 409 requests for production of documents, and 49 requests for admission to *each* of the four defendants in the *Nunez* matter (3,075 discovery requests in all). (Shahabi Decl., ¶¶ 5-9 ; *see, e.g.*, Exhs. "A," "B," "C"). Plaintiffs' counsel clearly wants to engage in the same harassing and oppressive discovery tactics here. There are only two plaintiffs in *Nunez*; there are seven plaintiffs here. So, it is safe for Defendants to assume that Plaintiffs will serve in excess of 10,000 discovery requests in this action. The only way for Plaintiffs to utilize such tactics, however, is to get back into state court because Rule 33 of the Federal Rules of Civil Procedure limits the number of special interrogatories that a party may serve (without a stipulation or leave of court) to 25 and Rule 26 prevents engaging in discovery before the Rule 26(f) conference. Fed. R. Civ. Proc. 26 and 33.

### D. **Remand Is Impractical.**

Even if this Court accepts Plaintiffs' argument that Defendants' removal was premature, remand is impractical. Again, Defendants have always maintained that

45307
- 7 -

they would stipulate to remand if Plaintiffs would produce any evidence that would defeat diversity jurisdiction. Plaintiffs' refusal to produce evidence that at least one Plaintiff is a citizen of Illinois coupled with their refusal to stipulate that the amount in controversy is less than $75,000 signify that grounds for diversity jurisdiction exist. As a result, even if this Court remands the case back to state court, Defendants will only confirm through discovery what the parties already know and will immediately remove the case back to federal court. Such an exercise is futile, wasteful, unnecessary, and only serves to delay and undermine the "just, speedy, and inexpensive determination of this action." Fed. R. Civ. Proc. 1.

### E. Public Policy Militates Against Granting the Instant Remand.

Simply put, if Plaintiffs are allowed to delay factually and legally appropriate removal by merely failing to include the citizenship of the parties on their Complaint, whether intentionally or not, and then arguing the "four corners" do not support removal, the result will be unnecessary delay, a "cottage industry for litigating removal," and the potential for subsequent claims of untimeliness of the eventual removal. Such results are contrary to common sense, support the practice of insufficient or gamesmanship complaint drafting by plaintiffs, and are contrary to the strictures of *Harris*. Plaintiffs' Motion is factually insufficient, legally inaccurate, and contrary to public policy and common sense. Diversity jurisdiction exists here. Indeed, nobody even disputes it exists. Plaintiffs' attempt to improperly utilize *Harris* to exalt form over substance must be denied.

///
///
///
///

45307

- 8 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion to Remand should be denied.

DATED: July 26, 2010

HODEL BRIGGS WINTER LLP

By: /S/ S. SEAN SHAHABI
    S. SEAN SHAHABI

Attorneys for Defendants
BAR LOUIE ANAHEIM, INC. and BAR LOUIE AMERICA, INC. (erroneously sued herein as "BAR LOUIS AMERICA")

45307

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND